IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FITNESS QUEST INC.<br>1400 Raff Rd. SW<br>Canton, OH 44750 | )<br>)<br>)<br>) | CASE NO. |
| Plaintiff, | )<br>) | JUDGE: |
| -vs.- | )<br>) | |
| ASHLEY SMITH<br>4000 SW 23rd Street<br>Apartment 3-106<br>Gainesville, FL 32608<br>GATORMOTO | )<br>)<br>)<br>)<br>)<br>) | **COMPLAINT FOR:** |
| KATHY LETENDRE<br>7245 Eggebrecht Lane<br>Billings, MT 59106<br>CURBYK5311 | )<br>)<br>)<br>)<br>) | (A) Federal Trademark Infringement;<br><br>(B) Unfair Competition; |
| SUZANA UZELAC<br>318 W. Forest Ave., Unit 203<br>Round Lake, IL 60073<br>JUMBODROP | )<br>)<br>)<br>)<br>) | (C) Copyright Infringement;<br><br>(D) Federal Trademark Counterfeiting; |
| JT ENTERPRISE<br>137a Chairborough Rd.<br>High Wycombe, Bucks HP12 3HN<br>United Kingdom<br>BOOTLE15070_0 | )<br>)<br>)<br>)<br>)<br>) | and,<br><br>(E) Unjust Enrichment. |
| A. DOAN<br>27 Rebecca Street<br>Oakville, ON L6K 1H9<br>Canada<br>LUXURYMAISON | )<br>)<br>)<br>)<br>)<br>) | |
| ROBERT K. KELLER<br>2201 Oneil Rd.<br>Hudson, WI 54016<br>GR8_ITEMS4U | )<br>)<br>)<br>)<br>)<br>) | |

| | |
|---|---|
| YU KAO a/k/a STEVE YANG | ) |
| 10406 Falcon Ave. | ) |
| Fountain Valley, CA 92708 | ) |
| YK8o8o | ) |
| | ) |
| TIM ELLIS | ) |
| 237 Laurel Springs Crt. | ) |
| Kitchener, ON N2N3N8 | ) |
| TIWGONE | ) |
| | ) |
| AHMED MOHAMMEDEL a/k/a AHMED | ) |
| EL | ) |
| 945 Crestmark | ) |
| Lithia Springs, GA 30122 | ) |
| BRANDS-MART | ) |
| JUICE-KISS | ) |
| | ) |
| ANDRY JEFFERSON | ) |
| 555 Laurie Lane, Apt. N6 | ) |
| Thousand Oaks, CA 91360 | ) |
| SHIPSAMEDAY | ) |
| | ) |
| DAIZO ARIMA | ) |
| 11902 Ninth Street | ) |
| Garden Grove, CA 92840 | ) |
| DAIZOA | ) |
| | ) |
| MARTIN DOBSON | ) |
| 204 6th Avenue | ) |
| Burnham, PA 17009 | ) |
| PAMOMNDAD | ) |
| | ) |
| KUO H. YANG | ) |
| 9041 Santiago Drive | ) |
| Huntington Beach, CA 92646 | ) |
| SUPER-DEAL-PROMOTION | ) |
| | ) |
| MARY RUDESKI | ) |
| 525 Lakeside Circle | ) |
| Sunrise, FL 33326 | ) |
| WATERFALL_67 | ) |
| | ) |
| TONY EADS | ) |
| 2338 Jerico Road | ) |
| Asheboro, NC 27205 | ) |
| JERICOMACHINE | ) |

| | |
|---|---|
| KENNY LIEU | ) |
| 527 Portero Grande Dr. | ) |
| Monterey Park, CA 91755 | ) |
| BESTDEAL_ONLINE | ) |
| | ) |
| SUSAN MUSSIO | ) |
| 8950 SW 142nd Avenue, Apt. 922 | ) |
| Miami, FL 33186 | ) |
| CHSWHOLESALE | ) |
| | ) |
| E. REYNOLDS | ) |
| 9036 Aysleford | ) |
| Stockton, CA 95210 | ) |
| YELLOW05BOI | ) |
| | ) |
| MICHAEL HUNTER | ) |
| Durfee Avenue, #C | ) |
| El Monte, CA 91732 | ) |
| BODYSHOPBARGAINS | ) |
| | ) |
| JUSTIN MOSES | ) |
| 19701 W. Lake Dr. | ) |
| Hialeah, FL 33015-2250 | ) |
| TOTALFLEX | ) |
| | ) |
| LARRY TIEFEL | ) |
| 2049 Lago Grande Place | ) |
| Fort Mohave, AZ 86426 | ) |
| TIEFELLK | ) |
| | ) |
| COURTNEY A. BERNARD | ) |
| 9640-B Mission Gorge Road, #231 | ) |
| Santee, CA 92071 | |
| SATFREEDOM | |
| | |
| MIKE THOMPSON | |
| P.O. Box 6505 | |
| Rockford, IL 61125 | |
| TAILORMADEIMPORTS | |

      Collectively, "Defendants"

---

      Plaintiff Fitness Quest Inc., by its undersigned attorneys, for its complaint against the above-captioned Defendants, alleges as follows:

3

**THE PARTIES**

1. Fitness Quest Inc. ("Fitness Quest") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1400 Raff Road, S.W., Canton, Ohio 44750.

2. On information and belief, Defendant Ashley Smith, is an individual residing at 4000 SW 23rd Street, Apartment 3-106, Gainesville, FL 32608 ("Defendant Smith").

3. On information and belief, Defendant Kathy Letendre is an individual residing at 7245 Eggebrecht Lane, Billings, MT 59106 ("Defendant Letendre").

4. On information and belief, Defendant Suzana Uzelac is an individual residing at 318 W. Forest Ave., Unit 203, Round Lake, IL 60073 ("Defendant Uzelac").

5. On information and belief, Defendant JT Enterprise is a business entity, form unknown, conducting business within the United States and the State of Ohio, having a principal office located at 137a Chairborough Rd., High Wycombe, Bucks HP12 3HN, United Kingdom ("Defendant JT Enterprise").

6. On information and belief, Defendant A. Doan is an individual residing at 27 Rebecca Street, Oakville, ON L6K 1H9, Canada ("Defendant Doan").

7. On information and belief, Defendant Robert K. Keller is an individual residing at 2201 Oneil Rd., Hudson, WI 54016, ("Defendant Keller").

8. On information and belief, Defendant Yu Kao a/k/a Steve Yang is an individual residing at 10406 Falcon Ave., Fountain Valley, CA 92708 ("Defendant Kao").

9. On information and belief, Defendant Tim Ellis is an individual residing at 237 Laurel Springs Crt., Kitchener, ON N2N3N8 ("Defendant Ellis").

10. On information and belief, Defendant Ahmed Mohammedel a/k/a Ahmed El is an individual residing at 945 Crestmark, Lithia Springs, GA 30122 ("Defendant Mohammedel").

4

11. On information and belief, Defendant Andry Jefferson is an individual residing at 555 Laurie Lane, Apt. N6, Thousand Oaks, CA 91360 ("Defendant Jefferson").

12. On information and belief, Defendant Daizo Arima is an individual residing at 11902 Ninth Street, Garden Grove, CA 92840 ("Defendant Arima").

13. On information and belief, Defendant Martin Dobson is an individual residing at 204 6th Avenue, Burnham, PA 17009 ("Defendant Dobson").

14. On information and belief, Defendant Kuo H. Yang is an individual residing at 9041 Santiago Drive, Huntington Beach, CA 92646 ("Defendant Yang").

15. On information and belief, Defendant Mary Rudeski is an individual residing at 525 Lakeside Circle, Sunrise, FL 33326 ("Defendant Rudeski").

16. On information and belief, Defendant Tony Eads is an individual residing at 2338 Jerico Road, Asheboro, NC 27205 ("Defendant Eads").

17. On information and belief, Defendant Kenny Lieu is an individual residing at 527 Portero Grande Dr., Monterey Park, CA 91755 ("Defendant Lieu").

18. On information and belief, Defendant Susan Mussio is an individual residing at 8950 SW 142nd Avenue, Apt. 922, Miami, FL 33186 ("Defendant Mussio").

19. On information and belief, Defendant E. Reynolds is an individual residing at 9036 Aysleford, Stockton, CA 95210 ("Defendant Reynolds").

20. On information and belief, Defendant Michael Hunter is an individual residing at Durfee Avenue, #C, El Monte, CA 91732 ("Defendant Hunter").

21. On information and belief, Defendant Justin Moses is an individual residing at 19701 W. Lake Dr., Hialeah, FL 33015-2250 ("Defendant Moses").

22. On information and belief, Defendant Larry Tiefel is an individual residing at 2049 Lago Grande Place, Fort Mohave, AZ 86426 ("Defendant Tiefel").

23. On information and belief, Defendant Courtney A. Bernard is an individual residing at 9640-B Mission Gorge Road, #231, Santee, CA 92071 ("Defendant Bernard").

24. On information and belief, Defendant Mike Thompson is an individual residing at P.O. Box 6505, Rockford, IL 61125 ("Defendant Thompson").

JURISDICTION AND VENUE

25. This is an action for copyright infringement, trademark infringement, unfair competition, *inter alia*. The copyright claims arise under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*. This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and § 1338. This Court also has jurisdiction under 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States. This Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States. Jurisdiction is also founded upon a federal question under the Lanham Act and there is also diversity jurisdiction in this action.

26. This Court has personal jurisdiction over Defendants by virtue of, among other things, Defendants' sale of products and because Defendants transact business and solicit business within the State of Ohio, within this judicial district and elsewhere and because Defendants have committed tortious acts within the State.

27. Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b), and/or (c), and 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district.

## OPERATIVE FACTS

*Background of Fitness Quest*

28. Over a period of years, Fitness Quest has become a leader in the exercise equipment and fitness industry. Fitness Quest, through its subsidiaries, promotes and markets health, exercise, and other consumer products throughout the United States through print, the world wide web, radio, and television advertising, including, but not limited to, the use of television infomercials.

29. Fitness Quest, through its subsidiaries, promotes and markets a variety of products designed to develop strength and fitness. For example, Fitness Quest promotes and markets abdominal exercise machines under the trademark AB Lounge®, including the original Ab Lounge®, the Ab Lounge® 2 and the Ab Lounge® XL (collectively, "Ab Lounge® Marks") abdominal exercise machines.

30. Fitness Quest has widely and continuously promoted and sold abdominal exercise machines under the Ab Lounge® Marks since at least October 27, 2003. To date, Fitness Quest has invested more than $50 million in advertising and has sold approximately 4 million Ab Lounge® Products. Aggregate sales of abdominal exercise machines under the Ab Lounge® Marks exceed $366 million.

31. On May 3, 2005, and August 15, 2006 Fitness Quest received federal trademark registrations on the Principal Register for its "Ab Lounge" trademarks for "manually operated exercise equipment". Copies of the trademark registrations are attached hereto as Exhibit A.

32. As a result of Fitness Quest's widespread and continuous use of the Ab Lounge® Marks in interstate commerce and throughout the United States, an appreciable number of consumers have come to identify the Ab Lounge® Marks with genuine Fitness Quest abdominal exercise machines.

7

33. Continuing without interruption at all times pertinent to this action, up to and including the present date, Fitness Quest has used a trade dress design in connection with the original Ab Lounge®, Ab Lounge®2 abdominal exercise machines consisting of a blue canvass and sporting a distinctive, white "Ab Lounge" logo.  Fitness Quest's trade dress design for its Ab Lounge® 2 abdominal exercise machines is not functional and is inherently distinctive.

34. Similarly, continuing without interruption at all times pertinent to this action, up to and including the present date, Fitness Quest has used a trade dress design in connection with its Ab Lounge® XL abdominal exercise machines consisting of a black canvass and sporting a distinctive, yellow "Ab Lounge XL" logo.  Fitness Quest's trade dress design for its Ab Lounge® XL abdominal exercise machines is not functional and is inherently distinctive.

35. Fitness Quest includes with each Ab Lounge®, Ab Lounge®2 and Ab Lounge® XL abdominal exercise machine a workout video in DVD and/or VHS format ("Ab Lounge Video"), an owner's manual in hard copy ("Owner's Manual"), instructions on how to assemble the Ab Lounge® ("Assembly Instructions"), *inter alia*.  Further, Fitness Quest also includes pictures, images, artwork, etc. (collectively, "Artwork") on its associated material, such as the Ab Lounge®2 packaging.  Representation sample copies of the Ab Lounge® Video, Owner's Manual, and Assembly Instructions are attached hereto as Exhibits B, C and D, respectively.

36. All of the aforementioned materials are original to and owned by Fitness Quest, copyrightable subject matter and protected by the U.S. copyright laws.  The Ab Lounge® Video, Owner's Manual, Assembly Instructions, Artwork, *inter alia* are protected by copyright and have been registered or applied for registration with the Copyright Office, Library of Congress.  True and correct copies of the copyright registrations for the Ab Lounge® Video, Owner's Manual, and Assembly Instructions are attached hereto as Exhibit E.  There are pending copyright

applications for a derivative work of the Ab Lounge® material, specifically related to the Ab Lounge®XL.  True and correct copies of the pending copyright applications for the Ab Lounge®XL material are attached hereto as Exhibit F.

37. Fitness Quest's copyright ownership is clearly noticed on most Fitness Quest material including, but not limited to, its Ab Lounge Video and the Owner's Manual.

38. Fitness Quest, through its subsidiaries, markets, distributes and sells the Ab Lounge® abdominal exercise machines through television infomercials and short form commercials.  By contrast, Fitness Quest markets, distributes, and sells the Ab Lounge®2 abdominal exercise machine through Internet, catalog, and retail channels.

39. Fitness Quest has invested considerable resources in developing goodwill in its trade dress and Ab Lounge® trademark and in promoting all of its Ab Lounge® abdominal exercise machines, including its Ab Lounge®2 and Ab Lounge®XL abdominal exercise machines.

40. Significant segments of consumers likely to purchase Fitness Quest's Ab Lounge® abdominal exercise machines identify its trade dress with Fitness Quest, or with a single unidentified source.

41. The function of Fitness Quest's trade dress design is to identify Fitness Quest as the source of its Ab Lounge®2 and Ab Lounge®XL abdominal exercise machines and to establish a symbol of quality and goodwill that consumers can trust.  Attached hereto as Exhibit G are true and correct pictures of genuine Fitness Quest Ab Lounge®2 and Ab Lounge®XL abdominal exercise machines.

*Defendants and Their Actions*

42.     On information and belief, Defendants utilize an e-commerce website known as the famous auction website eBay, www.eBay.com, where consumers may purchase Defendants' products.

43.     On information and belief, through at least eBay, Defendants actively promote the sale and distribution of products in this district, including, but not limited to, exercise products.

44.     On information and belief, Defendants are at least offering for sale, selling, and distributing abdominal exercise machines within and outside of this district that are marked with a counterfeit trademark ("Counterfeit Ab Lounge® Products").  More specifically, and without Fitness Quest's authority, Defendants have been and are acquiring, marketing, selling, and distributing an inferior abdominal exercise machine with spurious designation that is identical with, or substantially indistinguishable from, Fitness Quest's Ab Lounge® trademarks.  Further, the Counterfeit Ab Lounge® Products incorporate the protectable trade dress associated with the genuine Ab Lounge® abdominal exercise machines.  Attached hereto as Exhibit H are true and correct examples of offers for sale, sales of Counterfeit Ab Lounge® Products by at least two of the Defendants.  Also, attached hereto as Exhibit I are true and correct digital pictures of counterfeit products of at least one of the Defendants.

45.     Defendants further include, along with their Counterfeit Ab Lounge® Products, an Ab Lounge Video, Owner's Manual, and Assembly Instructions, *inter alia*, that are unauthorized copies of Fitness Quest's copyrighted material, respectively.  Attached hereto as Exhibit J are true and correct examples of unauthorized copies of the Ab Lounge Video cover, Owner's Manual, and Assembly Instructions.

46. Defendants' Counterfeit Ab Lounge® Products are poorly constructed and comprised of inferior parts. Among the defective features of the Counterfeit Ab Lounge® Products include the fact that: (i) the seat pad is made of a slippery, taut, cheap fabric that promotes sliding; (ii) the two lower springs at the base could snap or otherwise cause injury; and (iii) the Counterfeit Ab Lounge® Product may not permit users to fully extend past a 180 degree angle to fully enjoy the benefits of the product.

47. Fitness Quest has recalled certain genuine Ab Lounge®2 products for safety reasons, namely, a hinge issue with respect to folding up the Ab Lounge®2 product. A true and correct copy of a safety recall information sheet is attached hereto as Exhibit K.

48. The Counterfeit Ab Lounge®2 Product is primarily defective because it incorporates the recalled feature as explained in the previous paragraphs. In addition to the Counterfeit Ab Lounge®2 Product's otherwise inferior quality, this creates a substantial risk of injury to the public because users of the unsafe Counterfeit Ab Lounge®2 Product can catch their fingers in the hinges when storing or setting up their machines, resulting in crushing, lacerations, or amputation to fingertips.

49. Further, while Fitness Quest's genuine Ab Lounge® abdominal exercise machines have labels warning consumers: (i) to expressly follow the machine's instructions booklet or risk injury or death, and (ii) not to leave children unattended, no or inadequate warning labels are affixed to the Counterfeit Ab Lounge® Products.

50. On information and belief, Defendants are actively promoting the sale of the Counterfeit Ab Lounge® Product as a direct substitute for the genuine Ab Lounge® abdominal exercise machine while knowing that the Counterfeit Ab Lounge® Products are a spurious and unsafe good. On further information and belief, Defendants have in fact deceived purchasers

who have purchased the Counterfeit Ab Lounge® Products from Defendants on the mistaken belief that they were purchasing the genuine Ab Lounge® abdominal exercise machine. On yet further information and belief, Defendants have in fact deceived purchasers who have purchased the Counterfeit Ab Lounge® Product from Defendants on the mistaken belief that they were purchasing a genuine Ab Lounge® abdominal exercise machine "As Seen on TV." As a result, consumers are deceived and injured by the counterfeiting activities of the Defendants.

51. The aforementioned counterfeiting activities of Defendants have also injured and threaten future injury to Fitness Quest. More specifically, Defendants' counterfeiting activities have diminished Fitness Quest's goodwill in the Ab Lounge® mark and trade dress and caused Fitness Quest to lose sales of the genuine Ab Lounge® abdominal exercise machines that it otherwise would have made but for the counterfeiting.

52. More significantly, the aforementioned counterfeiting activities of Defendants have created a substantial risk of injury to the public. Defendants' conduct complained of herein has put Fitness Quest at risk as a target for personal injury claims asserted by consumers actually injured by unsafe Counterfeit Ab Lounge® Products.

### FIRST CLAIM FOR RELIEF
Federal Trademark Infringement; Unfair Competition
(15 U.S.C. §1125(a); §43(a) of the Lanham Act)

53. Fitness Quest incorporates by reference the averments of paragraphs 1 through 52 of this Complaint as if specifically set forth herein.

54. Defendants have used, and are using, the Ab Lounge® marks in interstate commerce in connection with the Defendants' abdominal exercise equipment, namely, the

Counterfeit Ab Lounge® Product in such a fashion and design as to imitate, counterfeit, copy, and reproduce Fitness Quest's mark and goods.

55. Defendants' acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Fitness Quest as symbolized by the Ab Lounge® mark. Such intentional acts on the part of Defendants have damaged Fitness Quest's goodwill as symbolized by the Ab Lounge® mark, causing Fitness Quest immediate and irreparable damage.

56. Defendants' acts as alleged above have caused confusion, mistake, and deception, and are likely to continue to cause confusion, mistake, and deception, and have infringed upon Fitness Quest's exclusive rights in its trademarks.

57. Defendants had actual knowledge of Fitness Quest's exclusive rights in the Ab Lounge® marks and willfully and deliberately infringed Fitness Quest's rights in the Ab Lounge® marks.

58. Defendants' above averred acts, including the use by Defendants' of the Ab Lounge® marks and the distinctive quality of Fitness Quest's trade dress, in connection with the same or similar goods offered by Fitness Quest is likely to cause the consuming public to mistakenly believe that the Counterfeit Ab Lounge® Products originate from, are sponsored by or are associated with Fitness Quest, constituting a false designation of origin or false or misleading description or representation of fact, and are also likely to cause the mark and trade dress in question to lose their significance as indicators of origin, in violation of 15 U.S.C. § 1125(a).

59. The Defendants' actions complained of herein constitute trademark infringement, unfair competition, in violation of Fitness Quest's rights under 15 U.S.C. § 1125(a).

60. Fitness Quest has no adequate remedy at law. Due to (i) Defendants' above averred acts, (ii) the substantial risk of injury to the public created by the unsafe Counterfeit Ab

13

Lounge® Product, and (iii) the damage being caused to the goodwill associated with the Ab Lounge® mark and trade dress, the conduct of Defendants complained of herein has caused and will continue to cause irreparable damage to Fitness Quest if not enjoined.

SECOND CLAIM FOR RELIEF
Copyright Infringement
(17 U.S.C. §501, *et seq.*)

61. Fitness Quest incorporates by reference the averments of paragraphs 1 through 60 of this Complaint as if specifically set forth herein.

62. Defendants unlawfully and willfully copied all or part of Fitness Quest's copyrights, in violation of Fitness Quest's copyrights in its Ab Lounge® Video, Owner's Manual, and/or Assembly Instructions.

63. The Defendants' Ab Lounge Video, Owner's Manual, and Assembly Instructions in all respects are not only substantially similar, but are strikingly similar and identical to the original Fitness Quest works bearing the same titles.

64. Fitness Quest has lost substantial revenue from Defendants' unlawfully and willful copying of the aforementioned copyrighted material.

65. Fitness Quest's sale of its own works and derivative works is prejudiced by Defendants' copyright infringements.

66. The Defendants' activities with respect to their copyright infringement have been without the express or implied license or authority of Fitness Quest.

67. The continuing manufacture, distribution, use, offer for sale, and/or sale by Defendants of their Counterfeit Ab Lounge® Products have caused and will continue to cause

Fitness Quest to lose markets, opportunities, sales, and customers for the sale of Fitness Quest's genuine Ab Lounge® products.

68. The wrongful acts of Defendants have caused and will continue to cause Fitness Quest to lose revenue from potential sales of Fitness Quest's genuine Ab Lounge® products. Those acts also will cause Fitness Quest to expend their energies and funds to protect against the loss of market share.

69. Fitness Quest has no adequate remedy of law and will be irreparably harmed, including, but not limited to, the loss of goodwill, competitive advantage, an ability to maintain a reputation of superior quality and reliability for its exclusive products unless the Defendants' actions are enjoined.

### THIRD CLAIM FOR RELIEF
Federal Trademark Counterfeiting
(15 U.S.C. §1114; §32 of the Lanham Act)

70. Fitness Quest repeats and re-alleges paragraphs 1-69 as if fully rewritten herein.

71. Defendants have used, and are using, the Ab Lounge® mark in interstate commerce in connection with the Defendants' abdominal exercise equipment in such a fashion and design as to imitate, counterfeit, copy, and reproduce Fitness Quest's mark and goods.

72. Defendants' acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Fitness Quest as symbolized by the Ab Lounge® mark. Such intentional acts on the part of Defendants have damaged Fitness Quest's goodwill as symbolized by the Ab Lounge® mark, causing Fitness Quest immediate and irreparable damage.

73. Defendants' acts as alleged above have caused confusion, mistake, and deception, and are likely to continue to cause confusion, mistake, and deception, and have infringed upon Fitness Quest's exclusive rights in its trademarks.

74. Defendants' had actual knowledge of Fitness Quest's exclusive rights in the Ab Lounge® mark and willfully and deliberately infringed Fitness Quest's rights in the Ab Lounge® mark.

75. Fitness Quest's valuable reputation and goodwill in its trademarks have been tarnished, damaged and will continue to suffer irreparable and monetary harm. Defendants have also been unjustly enriched by their actions as alleged above.

76. Such acts by Defendants constitute trademark infringement and counterfeiting, in violation of Section 32 of the Lanham Act, 15 U.S.C. §1114, *inter alia*.

### FOURTH CLAIM FOR RELIEF
Unjust Enrichment

77. Paragraphs 1-76 are incorporated herein as set forth in their entirety.

78. Defendants' manufacture, sale, and offer for sale, of Defendants' Counterfeit Ab Lounge® Products have resulted in Defendants being conferred a substantial benefit, at Fitness Quest's expense, and without payment to Fitness Quest.

79. Defendants' retention of this substantial benefit would be unjust and inequitable.

80. Defendants are obligated to compensate Fitness Quest for the substantial benefit conferred upon them and unjustly retained by them, pursuant to a theory of unjust enrichment.

### PRAYER FOR RELIEF

WHEREFORE, FITNESS QUEST prays that this Court enter an Order comprising:

1. Judgment against Defendants for temporary, preliminary and permanent injunctions granted pursuant to 15 U.S.C. § 1116, enjoining Defendants and its affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity

or participation with Defendants from using the Ab Lounge® mark and from otherwise infringing Fitness Quest's trademarks and/or trade names; from competing unfairly with Fitness Quest; from falsely designating the origin of the Defendants' goods and services, from diluting the distinctive quality of Fitness Quest's trademarks, from engaging in deceptive trade practices in violation of 15 U.S.C. § 1051 et seq. and Ohio Revised Code § 4165 et seq.; and from further engaging in unfair competition, and specifically:

(a) using in any manner Fitness Quest's Ab Lounge® mark, any mark or name confusingly similar to Ab Lounge®, or any other mark which so resembles Fitness Quest's marks as to be likely to cause confusion, deception or mistake, on or in connection with the manufacturing, sales, or offer for sale, of abdominal exercise equipment;

(b) passing off, inducing or enabling others to sell or pass off any services as being rendered by Fitness Quest, which services are not in fact rendered by Fitness Quest or belonging to Fitness Quest, under the control, supervision and approval of Fitness Quest, or for sale under the marks owned by Fitness Quest, or any other mark which so resemble Fitness Quest's marks so as to be likely to cause confusion, deception or mistake;

(c) committing any acts, including use of Defendants' Ab Lounge® mark calculated to cause purchasers to believe that Defendants' products and/or services are those sold under the control and supervision of Fitness Quest, or are sponsored, approved, or connected with Fitness Quest, are guaranteed by Fitness Quest, or are rendered under the control and supervision of Fitness Quest;

(d) further diluting and infringing Fitness Quest's Ab Lounge® mark and damaging its goodwill;

(e) rendering any services under the Ab Lounge® mark or any other distinctive design or trademark confusingly similar thereto.

2. A preliminary and permanent injunction issued enjoining Defendants from making, using, selling, or offering for sale counterfeit products that infringe Fitness Quest's intellectual property.

3. An accounting for damages resulting from Defendants' infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Defendants' conduct.

4. Judgment against Defendants for the greater of triple the amount of actual damages suffered by Fitness Quest pursuant to 15 U.S.C. § 1117(b) or statutory damages under 15 U.S.C. § 1117(c).

5. Judgment for an award of punitive damages against Defendants and in favor of Fitness Quest by reason of Defendants' unfair competition and palming off.

6. Judgment that costs of this action be awarded Fitness Quest.

7. Judgment that Fitness Quest be awarded its reasonable attorneys' fees along with an assessment of interest on all the damages so computed.

8. Judgment against Defendants indemnifying Fitness Quest from any claims brought against Fitness Quest for negligence, debts, malpractice, product liability, or other breaches of any duty owed by Defendants to any person who was confused as to some association between Fitness Quest and Defendants as alleged in this Complaint.

9. Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial, but not less than five hundred thousand dollars (US$500,000).

10. Ordering the destruction of any and all materials in Defendants' possession, custody or control bearing a colorable imitation of the "Ab Lounge" trademark and trade dress, including but not limited to, the Counterfeit Ab Lounge® Products, seat pads, packages, labels, and other printed material, along with the means of making same.

11. Requiring Defendants to account to Fitness Quest for all sales and purchases that have occurred to date, and requiring Defendants to disgorge any and all profits derived by Defendants from selling the Counterfeit Ab Lounge® Product.

12. Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of the Counterfeit Ab Lounge® Product.

13. Ordering a product recall of all Counterfeit Ab Lounge® Products, for destruction.

14. Requiring Defendants to file with this Court and serve on Fitness Quest within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendants have complied with this injunction.

15. Damages according to each and every cause of action alleged herein.

16. Prejudgment interest.

17. Such other and further relief as this Court may deem just and proper.

    Respectfully submitted,

    **BROUSE MCDOWELL**

    /s/ John M. Skeriotis_____
    John M. Skeriotis (#0069263)
    jms@brouse.com
    388 S. Main St., Suite 500
    Akron, OH 44311-4407
    330.535.5711
    330.253.8601 – Facsimile
    Attorney for Plaintiff Fitness Quest Inc.

## **DEMAND FOR JURY TRIAL**

Plaintiff Fitness Quest Inc. hereby demands a trial by jury on all issues so triable.

<u>September 28, 2006</u>          /s/ John M. Skeriotis_____
Date                                       John M. Skeriotis
                                               Attorney for Plaintiff Fitness Quest Inc.

656622.1